IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED IN OPEN COURT
DATE: 11-2-2018
TIME: 3:16 PM
INITIALS: _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) ) ) ) | |
| v. | ) ) | No. 2:18-CR-20202 |
| BRIAN HOWARD, Defendant. | ) ) ) | |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the Plea Agreement reached between the UNITED STATES, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and PATRICK NEAL OLDHAM, Assistant United States Attorney, and the defendant, BRIAN HOWARD, represented by NEEDUM GERMANY, defense counsel.

1.　　BRIAN HOWARD agrees that he will enter a voluntary plea of guilty to Count 2 of the Indictment, which charges the defendant with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). This offense carries a maximum statutory punishment of imprisonment for not more than ten (10) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100. BRIAN HOWARD agrees that he is entering a voluntary plea of guilty to Count 2 because he is, in fact, guilty of the offense charged in Count 2.

2. Pursuant to this agreement, both the UNITED STATES and BRIAN HOWARD agree that the offense level enhancement at U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony DOES NOT APPLY in this case.

3. Pursuant to this agreement, the UNITED STATES agrees to recommend:

   a. That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

   b. That the defendant be sentenced at within the advisory guideline range as that range is determined by the Court;

   c. That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

   d. That the defendant be required to pay a fine amount if ordered by the Court; and,

   e. That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

   f. That counts 1 and 3 be dismissed.

4. BRIAN HOWARD understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with the acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of

responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. §3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for BRIAN HOWARD to withdraw his guilty plea.

5. BRIAN HOWARD understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court. Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in this paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

6. BRIAN HOWARD agrees that this Plea Agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, BRIAN HOWARD acknowledges that he has read this agreement, has discussed it with his attorney and understands it. BRIAN HOWARD acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:
D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

_____      __11/2/18__
PATRICK NEAL OLDHAM      Date
Assistant United States Attorney

_____      __11-2-18__
NEEDUM GERMANY      Date
Attorney for Defendant

_____      __11/2/18__
BRIAN HOWARD      Date
Defendant